UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CRAIG MATTHEWS**              **CASE NO. 6:18-CV-1439**

**VERSUS**                      **JUDGE JUNEAU**

**SHERITA MATHEWS, ET AL.**     **MAGISTRATE JUDGE WHITEHURST**

### REPORT RECOMMENDING *SUA SPONTE* REMAND

Before the Court upon referral from the district judge is the Rule 12 Motion to Dismiss filed by the defendants Pediakare De'Franklin, Pediakare De Louisiana, LLC, Sherita Matthews and Charles Matthews (collectively, "defendants") [Doc. 8]. The motion is opposed by plaintiff Craig Matthews [Doc. 10], and the defendants filed a reply brief [Doc. 19]. For the following reasons, the undersigned believes this Court lacks subject matter jurisdiction over the matter as a whole, and therefore is without jurisdiction to rule on the pending motion to dismiss. Therefore, the undersigned **RECOMMENDS** that the above-captioned matter be **REMANDED** to the 16th Judicial District Court for the Parish of St. Mary, Louisiana and that the motion to dismiss be **DENIED** as **MOOT.**

### PROCEDURAL AND FACTUAL BACKGROUND

The facts relevant to the instant motion are not disputed. The plaintiff became a member in Pediakare De Louisiana, LLC (PDL) sometime in 2012 and owned a 5% interest in the entity. In October 2013, plaintiff also became a

member in Pediakare De'Franklin, LLC (PDF), with a 20% interest in PDF. Both business entities were established to provide a pediatric day health center for children. Craig Matthews made no financial investment in either PDL or PDF. Rather, Craig Matthews was to provide services as an administrator to each of the companies in exchange for his interests.

Apparently, both companies began to have cash flow problems. On May 9, 2017, Craig Matthews filed suit in state court against Sherita and Charles Matthews, seeking various forms of relief under Louisiana state law. Craig Matthews asserts claim against Charles Matthews for conversion and unfair trade practices, alleging that although Charles Matthews had no ownership interest in either entity, Charles effectively controlled both entities and received financial benefits and compensation through payments and reimbursements by the LLCs for his personal benefit. Craig Matthews alleged Sherita Matthews breached her fiduciary duty to both entitles and to the plaintiff by allowing Charles to control the entities and to receive benefits and compensation despite not being a member of either entity. The plaintiff also alleged the Pediakare entities constitute a single business enterprise under Louisiana law and are therefore solidarily liable for the others' debts. Craig Matthews seeks damages and an accounting.

On or about October 30, 2018, defendants filed a Petition for Reconventional Demand and Third Party Demand against Craig Matthews, Chantell H. Joseph, Familial Healthcare Management, LLC, Daniel Sandoval, Marcus Sandoval, Jimmy Miller, Ronald Matthews, Lloyd Harris, Wilton Red, and Ernest Banks. In the Reconventional Demand, the defendants allege claims against the plaintiff, along with the individuals named above, for violations of the Computer Fraud and Abuse Act (the "CFAA") found in 18 U.S.C. §1030(a)(4) and the Federal Stored Communications Act found in 18 U.S.C. §2701, et seq. Defendants/plaintiffs-in-reconvention specifically contend that plaintiff and others intentionally accessed their protected computer systems, took information without authorization, and/or deleted it with the intent to defraud and or damage the defendants, in violation of the CFAA. [Doc. 1-1, ¶¶ 46-58] Defendants/plaintiffs-in-reconvention further allege that plaintiff and others intentionally and willfully accessed their stored electronic communications without authorization and obtained, altered, and/or deleted them in violation of the Federal Stored Communications Act. [Doc. 1-1, ¶¶ 59-63].

On November 5, 2018, the defendants removed the matter to this court, alleging jurisdiction exists under 28 U.S.C. §1331 "because [p]laintiffs[-in-reconvention] brought claims arising under the Constitution, laws, or treaties of the

United States' . . . for which this Court has subject matter jurisdiction" [Doc. 1]. Defendants further allege this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the remaining state law claims because they are "so related" and intertwined with the federal claims, over which this Court has original jurisdiction, as to be part of the same case or controversy. 28 U.S.C. §1367(a).

After review of the record, it is apparent to the undersigned that this Court lacks subject matter jurisdiciton over the case, as explained below.

## LAW AND ANALYSIS

The procedure for removal from state to federal court is governed by 28 U.S.C. § 1446(b), which requires a removal notice to "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). If an action is not initially removable, but later becomes removable, the third paragraph of §1446(b) directs that, "a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Credit Brokers, LLC v. Guilbeau*, 2014 WL 2011891 *2 (W.D. La. May 16, 2014) (MJ Hill), *citing Howery v. Allstate Ins. Co.*, 243 F .3d 912, 916 (5th Cir.2001); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Thus, as the party invoking this court's jurisdiction, the removing defendants bear the burden of establishing federal subject matter jurisdiction. Moreover, the removal statute is strictly construed, and doubts concerning removal are to be construed against removal and in favor of remand to state court. *Guilbeau*, 2014 WL 2011891 at *2, *citing Louisiana v. Aspect Energy, LLC*, 2011 WL 3759754, *2 (W.D.La.2011), aff'd, 2011 WL 5238666 (W.D.La.2011), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941);*Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Mumfrey v. Anco Insulations, Inc.*, 2011 WL 1527180, *4 (E.D.La.2011), *citing Manfunco v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

It is well-settled law that a plaintiff is the master of his complaint. *One River Place Condominium Ass'n, Inc. v. Smith*, 2001 WL 664574 *2 (E.D. La. 2001) (J. Fallon), *citing Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362,

5

366 (5th Cir.1995) (*citing Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("the plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23 (1913) ("the party who brings a suit is master to decide what law he will rely upon"); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir.1988)).  Faced with a choice between federal and state law claims, a plaintiff may elect to proceed in state court on the exclusive basis of state law and defeat the defendants' opportunity to remove.  *One River Place Condominium Ass'n, Inc.*, 2001 WL 664574, at *2, *citing Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Generally, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.  *One River Place Condo. Ass'n, Inc.*, 2001 WL 664574, at *2, *citing Carpenter*, 44 F.3d at 365.  A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.  Accordingly, to support removal, the defendants must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *One River Place Condo. Ass'n, Inc.*, 2001 WL 664574, at *2, quoting Gully v. First Nat'l Bank, 299 U.S. 109, 111 (1936).  In *Holmes Grp., Inc. V. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826,

831, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002) the Supreme Court stated that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *See also, Vaden f. Discover Bank,* 556 U.S. 49, 66, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009)("[A] counterclaim . . . does not provide a key capable of opening a federal court's door.").

Here, in his original complaint, the plaintiff alleges the defendants, both individually and in concert, breached their fiduciary duty to the business enterprise and caused a reduction in the plaintiff's profit as a member of the limited liability company. In doing so, the plaintiff alleges the defendants violated the Louisiana Unfair Trade Practices and Consumer Protection Law. The plaintiff also alleges the defendants failed to provide an accounting of their business transactions to him as a member of the LLC. These claims arise solely under Louisiana state law.

The defendants assert removal jurisdiction based on *their own federal claims* raised in their Reconventional Demand and Third Party Demand against the plaintiff and others. The defendants specifically allege plaintiff and others engaged in an improper scheme to force the transfer of business via several mechanisms, including but not limited to, activities which violate the CFAA and the Federal Stored Communications Act. In their Notice of Removal, defendants/plaintiffs-in-

reconvention, contend the plaintiff and others "improperly and without authority accessed computer systems and took electronically stored information from said computer systems and used said improperly taken information in furtherance of the scheme" in violation of these federal statutes.

In *Progix v. Vulcan Iron Works, Inc.*, 166 F.Supp.2d 505 (E.D. La. Apr. 21, 2001) (J. Vance), the plaintiff brought an action for breach of contract against the defendant in state court, seeking to recover $33,000.00 in damages for the defendant's failure to complete a final punch list in connection with a contracted project. That demand was subsequently revised to $41,180.00. 166 F.Supp2d at 506. The defendant answered and asserted a reconventional demand for more than $650,000.00. The plaintiff answered the reconventional demand, asserting an affirmative defense of compensation and/or offsets to cover, *inter alia*, the cost of warranty repairs, and subsequently sent an invoice to the defendant itemizing $109,234.28 in backcharges for warranty work. *Id.* Relying on this invoice, the defendant removed the matter to federal court, arguing the invoice for $109,234.28 proved that the plaintiff's demand actually exceeded $75,000.00. *Id.*

The district court disagreed, noting that the invoice for $109,234.28 reflected backcharges for *warranty work*, not expenses incurred completing the punch list, to wit:

> While Progix seeks damages arising from the punch list in its petition for breach of contract, it only asserts warranty claims as an affirmative defense to Vulcan's reconventional demand. As Vulcan notes in the third footnote in its brief, neither Vulcan's reconventional demand nor Progix's affirmative defenses may be considered in determining the requisite amount in controversy for purposes of removal. See Conference Am., *507 Inc. v. Q.E.D. Int'l, Inc., 50 F.Supp.2d 1239, 1241–42 (M.D.Ala.1999); Independent Mach. Co. v. International Tray Pads & Packaging, Inc., 991 F.Supp. 687, 691–93 (D.N.J.1998); Meridian Aviation Serv. v. Sun Jet Int'l, 886 F.Supp. 613, 615 (S.D.Tex.1995); Gulf–South Piling & Constr., Inc. v. Traylor Bros., Inc., 1997 WL 332410, at *2–3 (E.D.La. June 12, 1997). But see Swallow & Assocs. v. Henry Molded Prods., Inc., 794 F.Supp. 660, 663 (E.D.Mich.1992). The Court therefore grants Progix's motion to remand and denies both parties' motions for attorney fees and costs.

166 F. Supp. 2d at 506–07.

Here, the record clearly demonstrates that the plaintiff's claims are grounded in state law, seeking damages for violations of the LUTPA, breach of fiduciary duty, and lack of an accounting. As Magistrate Judge Hill noted in *Guilbeau*, this case did not "become removable" by virtue of the filing of the reconventional demand. 2014 WL 2011891, at *2. Review of the plaintiff's complaint shows the plaintiff does not assert a claim involving a "substantial, disputed question of federal law." *See One River Place Condo. Ass'n, Inc.*, 2001 WL 664574, at *2 , *citing Carpenter*, 44 F.3d at 365. Nor have the defendants shown that a federal right is an essential element of the plaintiff's cause of action. As the master of his complaint, the plaintiff has alleged purely state law claims, which do not give rise

to federal question jurisdiction in this Court. Therefore, the undersigned concludes the claims as set forth in the plaintiff's complaint do not set forth a federal cause of action, and this Court is without subject matter jurisdiction over the entirety of this matter.

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that the instant matter be **REMANDED** to the 16th Judicial District Court for the Parish of St. Mary, Louisiana, as this Court lacks subject matter jurisdiction over the entirety of the case. **IT IS FURTHER RECOMMENDED** that the defendants' Rule 12 Motion to Dismiss [Doc. 8], be **DENIED as MOOT** as this court is without jurisdiction to address the merits of the motion.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 4th day of April, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**